IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DONNIE J. SINGLETON, # AIS 232336,** : | |
| Plaintiff, : | |
| vs. : | **CIVIL ACTION 04-0484-CG-L** |
| **MOBILE COUNTY METRO JAIL, et al.,** : | |
| Defendants. : | |

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a amended complaint against defendants pursuant to 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).

**I.    Procedural History**

On June 23, 2005 the undersigned Magistrate Judge entered a Report and Recommendation on plaintiff's complaint recommending that the action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii) because plaintiff's federal claims are either frivolous or fail to state a claim upon which relief can be granted. (Doc. 10)  On June 28, 2005 plaintiff filed a motion to amend the complaint (Doc. 12) along with an amended complaint (Doc. 13).  On July 12, 2005 plaintiff filed an objection to the Report and Recommendation. (Doc. 14)  By order dated July 14, 2005, the district judge granted the plaintiff's motion to amend and referred the matter back to the undersigned for further review. (Doc. 15)  In light of the referral, the Report and Recommendation issued June 23, 2005 is hereby **WITHDRAWN.** Plaintiff's objection to the Report and

Recommendation is **STRICKEN.**

Plaintiff's amended complaint *supercedes* his original complaint.  Accordingly, the undersigned will now address *only* those claims alleged in plaintiff's amended complaint. (Doc. 13) After a careful review of plaintiff's amended complaint, the undersigned recommends that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii) because plaintiff's federal claims are either frivolous or fail to state a claim upon which relief can be granted.  It is further recommended that supplemental jurisdiction over any state law claims be declined because there are no federal claims remaining in this action.  See 28 U.S.C. § 1367(c)(3); Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000).

**II.     Amended Complaint (Doc. 13)**

Plaintiff's amended complaint names as defendants Mobile County Metro Jail, Mobile County Sheriff's Department, criminal defense counsel Deborah D. McGowin, and Dr. G. Dhaliwal.  (Doc. 13)[1]

In plaintiff's first claim, he alleges that while incarcerated at the Mobile County Metro Jail from January 8, 2003 to February 4, 2004, his "constitutional rights were violated by being placed in a 'strip cell' without adequate heat, no mat to sleep on and no blanket for warmth, even though these items were available."  (Doc. 13 at 5)   Plaintiff also claims that he was "humiliated, harassed and threatened by jail corrections officers and denied access to a law library."   (Id.)  In addition, plaintiff alleges that he

---

[1] In his motion to amend, plaintiff acknowledges that he has dropped District Attorney Steve Girandini as a defendant in this action.  (Doc. 12 ) Accordingly, Mr. Girandini is dismissed from this action, with prejudice.

"was not allowed to respond to a subpoena concerning a civil suit, causing [him] to lose the case." (Id.)

In the second claim, which is directed against the Mobile County Sheriff's Department, plaintiff alleges that on January 8, 2003, "officers from the Mobile County Sheriff's Dept. searched and seizured [sic] [his] home computer and possibly planted false evidence resulting in a federal offense being filed against [him]." (Doc. 13 at 5) Plaintiff claims that the search and seizure of his computer were illegal, that there was "possible evidence tampering, [and] taking statements under extreme duress..." (Doc. 13 at 6).

Plaintiff's third claim is directed against Deborah McGowin, his court appointed counsel. Plaintiff alleges that Ms. McGowin "never once came to the jail to talk with [him], never replied to any of the numerous letters [he] sent requesting information concerning [the] case, never provided [plaintiff] with any written information and never fully represented [plaintiff] in court." (Doc. 13 at 5) Plaintiff contends that Ms. McGowin never explained to him the nature of the charges against him or the information contained in the indictment. (Id.)

In his last claim plaintiff alleges that defendant Dr. Dhaliwal, who plaintiff identifies as the "Metro Jail's psychiatrist", was deliberately indifferent to his physical and mental health. (Doc. 13 at 5) Specifically, plaintiff contends that "Dr. Dhaliwal...was, in [his] opinion, indifferent to the horrible conditions of [plaintiff's] confinement and should have taken earlier steps to remedy such conditions." (Id.) Plaintiff further complains that he was "left in a 'strip cell' for seven weeks and only saw [Dr. Dhaliwal] twice...to prescribe medication and a follow-up visit." (Id.) Specifically, plaintiff alleges that "[a]s Jail psychiatrist, Dr. Dhaliwal was fully aware that inmates were being keep [sic] in strip cells

3

without adequate heat, bedding, etc., and took no action to stop this practice...." (Id.)

For relief, plaintiff seeks monetary damages of "25 million dollars each defendant." (Doc. 13 at 7) [2]

### III. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding *in forma pauperis*, the court is reviewing plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).[3] Under § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, the claim seeks to enforce a right which clearly does not exist, id., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990). Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S.Ct. at 1833. Moreover, a complaint may be dismissed under 28 U.S.C. §

---

[2] In his original complaint plaintiff sought a reduction in his sentence and damages for his loss of income and for injuries inflicted on his person. (Doc. 1)

[3] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); Brown v. Bargery, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. Bilal, 251 F.3d at 1348-49.

1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); see Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

## IV.     Discussion.

### A. Mobile County Metro Jail and Mobile County Sheriff's Department.

Plaintiff first alleges claims against Mobile County Metro Jail for his conditions of confinement and against defendant Mobile County Sheriff's Office for conducting an illegal search and seizure and for "possible evidence tampering" and for "taking statements under extreme duress." (Doc. 13 at 6) [4] Plaintiff contends these actions are violative of his constitutional rights. (Id.)

In order to bring a viable § 1983 action, the defendant sued must be an entity that is subject to being sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held. . . ." FED.R.CIV.P. 17(b); see Dean, 951 F.2d at 1214.

Under Alabama law, the sheriff, or a jailer who is appointed by the sheriff, "has the legal custody and charge of the jail in his county and all prisoners committed thereto. . . ." ALA. CODE § 14-

---

[4] In his original complaint plaintiff also alleged that the Mobile County Sheriff's Department disseminated damaging information to the media. (Doc. 1) However, plaintiff does not repeat that allegation in his amended complaint. (Doc. 13)

6-1 (1995). Generally, a sheriff's department operates a county jail. However, an Alabama sheriff's department lacks the capacity to be sued. Dean, 951 F.2d at 1214; King v. Colbert, 620 So.2d 623, 626 (Ala. 1993); White v. Birchfield, 582 So.2d 1085, 1087 (Ala. 1991). Then, it follows that a subdivision of a sheriff's department likewise lacks the capacity to be sued. See Marsden v. Federal Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N.Y. 1994); see also House v. Cook County Dept. of Corrections, No. 98 C 788, 1998 WL 89095 (N.D. Ill. Feb. 13, 1998) (unpublished); May v. North County Detention Facility, No. C 93-1180 BAC, 1993 WL 300290 (N.D. Cal. July 21, 1993) (unpublished). Accordingly, the court determines defendants Mobile County Sheriff's Department and Mobile County Metro Jail are not suable entities. Therefore, plaintiff's claim against these defendants lack legal merit and are due to dismissed as frivolous.

### B. Criminal Defense Counsel Deborah D. McGowin.

Plaintiff's third claim is lodged against his criminal defense counsel, Deborah McGowin. In sum, plaintiff alleges that Ms. McGowin's representation of him was inadequate. (Doc. 13) In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish "the conduct complained of was committed by a person acting under color of state law." Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986). Criminal defense counsel, whether court-appointed or retained, ordinarily does not act under color of state law. Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981) (court-appointed counsel); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir.) (retained counsel), *overruled on other grounds,* Sparks v.

Duval County Ranch Co., 604 F.2d 976, 978 (5th Cir. 1979).[5]

In Polk County, the Supreme Court reasoned "[e]xcept for the source of payment, [the] relationship [between criminal defendant and appointed defense counsel is] identical to that existing between any other lawyer and client." 451 U.S. at 318, 102 S.Ct. at 449. The Polk County Court concluded "[t]his [relationship] is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed." Id. at 319, 102 S.Ct. at 450 (footnote omitted). The Court determined the public defender carried out the traditional functions of a lawyer representing a criminal defendant and therefore did not act under color of state law. Id. at 325, 102 S.Ct. at 453. Thus, the Court ruled the § 1983 complaint must be dismissed against the public defender for lack of state action. Id.

In the action at hand, defendant Ms. McGowin did not act under color of state law when she represented plaintiff. Consequently, plaintiff has failed to establish a required element for a § 1983 action. Parratt, 451 U.S. at 535, 101 S.Ct. at 1913; Harvey, 949 F.2d at 1130. Accordingly, plaintiff has failed to state a § 1983 claim against defendant McGowin.

**C. Dr. G. Dhaliwal.**

Plaintiff's final claim is against Dr. Dhaliwal. Plaintiff characterizes his cause of action as "deliberate indifference" and "medical malpractice." (Doc. 13 at 7) Plaintiff alleges that "[a]s Jail psychiatrist, Dr. Dhaliwal was fully aware that inmates were being keep [sic] in strip cells without

---

[5]The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981 (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

adequate heat, bedding, etc., and took no action to stop this practice...[and] in [his] opinion Dr. Dhaliwal was "indifferent" to the "horrible conditions of [plaintiff's] confinement." (Doc. 13 at 5)

Plaintiff's claim against Dr. Dhaliwal is, in sum, that the doctor took no action to alter the "horrible" conditions under which plaintiff was being held in the strip cell under a suicide watch, either by changing or stopping them. (Doc. 13 at 5, 7) Plaintiff fails to provide any specifics as to how Dr. Dhaliwal was deliberately indifferent to his situation except that Dr. Dhaliwal did not stop them. Nor does plaintiff state the basis for the medical malpractice allegation against the doctor. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") Finally, plaintiff fails to specifically identify a concrete injury that he sustained as a result of his confinement in the strip cell.

Plaintiff's allegations against Dr. Dhaliwal are vague and conclusory and are insufficient to state a claim upon which relief can be granted. Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory allegations are subject to dismissal); Rhodes v. Chapman, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981) (holding the Constitution does not require that places of incarceration be comfortable); Jordan v. Doe, 38 F.3d 1559, 1565 (11th Cir. 1994) (holding a violation occurs only in extreme cases where there has been a deprivation of a single human need). Accordingly, plaintiff has failed to state a claim against Dr. Dhaliwal.

**V.     Conclusion**.

Based upon the foregoing reasons, it is recommended that this action be dismissed with

prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii) because plaintiff's federal claims are either frivolous or fail to state a claim upon which relief may be granted. It is further recommended that supplemental jurisdiction over any state law claims be declined because there are no federal claims remaining in this action. See 28 U.S.C. § 1367(c)(3); Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000)

The attached sheet contains important information regarding objections to the report and recommendation.

**DONE** and **ORDERED** this 22nd day of July, 2005.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                        **KRISTI K. DuBOSE**
                                        **UNITED STATES MAGISTRATE JUDGE**