IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DONNIE SINGLETON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 04-0484-CG-L** |
| ) | |
| **MOBILE COUNTY METRO JAIL, et al.,** ) | |
| ) | |
| **Defendants.** | |

## ORDER

This matter is before the court on the report and recommendation of the magistrate judge (Doc. 16), plaintiff's objection to the report and recommendation (Doc. 17), and plaintiff's motion to amend his complaint. (Doc. 18). The magistrate judge recommended that this case be dismissed prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii) because plaintiff's federal claims are either frivolous or fail to state a claim upon which relief may be granted. The magistrate judge further recommended that supplemental jurisdiction over any state law claims be declined because there are no federal claims remaining in this action. The court finds that plaintiff's motion to amend is due to be denied. The court further finds upon a de novo review of those portions of the report and recommendation to which objection is made, that the findings of the magistrate judge are correct and that the case is due to be dismissed.

In light of the recommendation of the magistrate judge, plaintiff concedes that the Mobile County Metro Jail and the Mobile County Sheriff's Department are improper defendants in this case. Plaintiff seeks to amend his complaint to remove the Metro Jail and Sheriff's Department as defendants and to substitute three county commissioners for Districts 1, 2, and 3. Substituting the County

1

Commissioners is nothing more than an attempt to hold the County and the County Commission liable in their supervisory capacity under a respondeat superior theory, which is not a proper basis for liability in a section 1983 action. Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir.1992).  As such, the court finds that plaintiff's motion to amend is due to be denied.

Plaintiff objects to the magistrate's conclusion that his claims are frivolous.  Plaintiff disagrees with the magistrate's finding that his court appointed counsel, McGowin, was not acting under color of state law because plaintiff believes McGowin did not carry out the traditional functions of a lawyer representing a criminal defendant.  Plaintiff states that "in lieu of the above" his amended complaint also removes McGowin and Dr. Dhaliwal as defendants and that he intends to file a separate case against these individuals.  After reviewing plaintiff's claim, the court agrees that defendant McGowin did not act under color of state law when she represented plaintiff and therefore, that plaintiff has failed to establish a required element for a § 1983 action against McGowin.  The court further finds that plaintiff has failed to state a claim against Dr. Dhaliwal.

## CONCLUSION

Plaintiff's motion to amend (Doc. 18) is **DENIED**.

It is **FURTHER ORDERED** that after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this court.  It is **ORDERED** that this action be and is hereby **DISMISSED** with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because plaintiff's federal claims are either frivolous or fail to

state a claim upon which relief can be granted.  Moreover, it is further **ORDERED** that supplemental jurisdiction over any state law claims be and is hereby **DECLINED** because there are no federal claims remaining in this action.

The clerk is **DIRECTED** to send to the Commissioner of the Alabama Department of Corrections a copy of the report and recommendation recommending the dismissal of this action, this order adopting the report and recommendation, and the judgment dismissing this action.

**DONE and ORDERED** this 17th day of August, 2005.

                                        /s/   Callie V. S. Granade
                                  CHIEF UNITED STATES DISTRICT JUDGE